```
              IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
                  DIVISION OF ST. THOMAS AND ST. JOHN

JOHN PICKERING-GEORGE,          )
                                )
              Plaintiff,        )
                                )      CIVIL NO. 2010-79
vs.                             )
                                )
CATHERINE DOWDYE, et al.,       )
                                )
              Defendants.       )
_____)
```

MEMORANDUM AND ORDER

At the March 12, 2012 status conference, the Court ordered plaintiff to effectuate service within 60 days upon those defendants who had not yet been served.[1]  On March 20, 2012 (ECF 33), the Clerk of Court docketed summonses received from plaintiff.[2]  On March 26, 2012, the Court received and docketed plaintiff's motion "to appoint the United States Marshal [sic] Service to serve subpoena petition to Respondent and United States and its agencies. . . ." (ECF 32)[3]

In *Jones v. Hashagen*,[4] the Third Circuit pointed out that

---

[1] As of March 12, 2012, of the defendants named in the complaint, Catherine Dowdye, the (DOJ) Immigration Litigation, Depository Libraries, and the National Archives and Records Administration, "Federal Adoption, Territorial" had not been served.

[2] Plaintiff's March 20, 2012 submittal contains summonses directed to (1) the United States of America, (2) National Archives and Records Administration, (3) the Virgin Islands Office of Vital Statistics, and (4) Catherine Dowdye (ECF 33-1, 33-2, 33-4 and 33-5 respectively).

[3] On December 30, 2010 (ECF 5), the Court granted plaintiff *in forma pauperis* status.  As such, plaintiff is entitled to have the United States Marshals Service effectuate service on his behalf pursuant to Rule 4(c)(3) of the Federal Rules of Civil Procedure, which in pertinent part provides that the court must order service "be made by a United States marshal or deputy marshal or by a person specifically appointed by the court . . . if the plaintiff is authorized to proceed *in forma pauperis* under 28 U.S.C. § 1915 . . . ."

[4] 419 Fed. App'x 141 (3d Cir. 2011) (per curiam) (unpublished).

*Pickering-George v. Dowdye, et al.*
Civil No. 2010-79
Memorandum and Order
Page 2

pursuant to 28 U.S.C. § 1915(d)[5] and Rule 4(c)(3), when a plaintiff has been granted leave to proceed *in forma pauperis*, "'it is the district court's responsibility to serve process upon all defendants . . . and [the plaintiff] merely needed to request service upon the appropriate defendant and attempt to remedy any apparent service defects of which [he had] knowledge.'"[6]  The Third Circuit noted that in meeting this responsibility, "'a court is obligated to issue plaintiff's process to a United States Marshal who must in turn effectuate service upon the defendants, thereby relieving a plaintiff of the burden to serve process once reasonable steps have been taken to identify for the court the defendants named in the complaint.'"[7]  The Third Circuit further explained that "'[t]he IFP plaintiff is, however, required to cooperate with the court and the United States Marshal in effectuating service, including providing the addresses of the named defendants, if needed, and completing any necessary paperwork and forms.'"[8]  Thus, based on the Third Circuit's interpretation of Rule 4(c)(3) and 28 U.S.C. § 1915(d), the Court

---

[5]   The Section in pertinent part provides "[t]he officers of the court shall issue and serve all process, and perform all duties in such cases."

[6]   *Jones v. Hashagen*, 419 Fed. App'x at 144 (quoting *Young v. Quinlan*, 960 F.2d 351, 359 (3d Cir 1992)).

[7]   *Jones,* 419 Fed. App'x at 145 (quoting *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996)).

[8]   *Jones*, 419 Fed. App'x at 145 (quoting *Laurence v. Wall,* 551 F.3d 92, 94 (1st Cir. 2008)(per curiam)).

*Pickering-George v. Dowdye, et al.*
Civil No. 2010-79
Memorandum and Order
Page 3

must issue summonses and direct the United States Marshal to serve the defendants who have not yet been served.[9]

The premises considered and the Court being duly advised, it is hereby ORDERED that the Clerk of Court is directed to issue summonses to:

1. the National Archives and Records Administration, 700 Pennsylvania Avenue, N.W., Washington, D.C. 20408;

2. the Department of Justice, Immigration Litigation, Attorney General, Deputy Assistant, National Place Building, 1331 Pennsylvania Avenue, N.W. 20530; and

3. the Department of Health, Division of Vital Statistics, the Office of the Governor, 21-22 Kongens Gade, St. Thomas, Virgin Islands.

IT IS FURTHER ORDERED that the summonses must provide that the answer to the complaint is to be served on John Pickering-George c/o Jennifer George Christopher, 2726 Decatur Avenue, Apt.3, Bronx, New York 10453.

IT IS FURTHER ORDERED that the United States Marshal shall cause service to be effectuated upon:

1. the National Archives and Records Administration by (1) delivering a copy of the summons and complaint to the United States

---

[9] See *Leon v. Schaff,* No. 05-4296, 2007 U.S. LEXIS 14774, at *9 (D.C.N.J. March 1, 2007) (ordering the Clerk of Court to issue a summons and directing the United States Marshal to serve the Attorney General of the United States).

*Pickering-George v. Dowdye, et al.*
Civil No. 2010-79
Memorandum and Order
Page 4

Attorney for the Virgin Islands or an Assistant United States Attorney, and (2) by mailing the summons and the complaint to the National Archives and Records Administration by either certified or registered mail;

    2. the Department of Justice, Immigration Litigation, Attorney General, Deputy Assistant by (1) delivering a copy of the summons and complaint to the United States Attorney for the Virgin Islands or an Assistant United States Attorney, and (2) by mailing the summons and the complaint to Department of Justice, Immigration Litigation by either certified or registered mail; and

    3. the Department of Health, Division of Vital Statistics, by delivering a copy of the summons and complaint to the Governor of the Virgin Islands, the Honorable John P. de Jongh.

    IT IS FURTHER ORDERED that plaintiff shall provide, within 21 days of the date of this Order, a complete physical address for Catherine Dowdye and for the "Depository Libraries" and "Federal Adoption, Territorial" so that service may be effectuated upon them.[10]

                                                     s\_____
                                                      RUTH MILLER
                                                      United States Magistrate Judge

---

[10] In the summons directed to Catherine Dowdye, plaintiff provided an address of "Charlotte Amalie, St. Thomas, Virgin Islands," which is insufficient for the United States Marshal to attempt service. Defendant did not provide a summons for the "Depository Libraries" or "Federal Adoption, Territorial," but they are listed as defendants.