```
                DISTRICT COURT OF THE VIRGIN ISLANDS
                  DIVISION OF ST. THOMAS AND ST. JOHN

JOHN PICKERING-GEORGE,              )
                                    )
          Plaintiff,                )
                                    )
          v.                        )    Civil No. 2010-79
                                    )
CATHERINE M. DOWDYE a/k/a           )
CATHERINE M. DALEY; IMMIGRATION     )
LITIGATION, ATTORNEY GENERAL,       )
DEPUTY ASST.; OFFICE OF VITAL       )
STATISTICS, VIRGIN ISLANDS          )
DEPARTMENT OF HEALTH; DEPOSITORY    )
LIBRARIES, NATIONAL ARCHIVES AND    )
RECORD ADMINISTRATION, FEDERAL      )
ADOPTION, TERRITORIAL,              )
                                    )
          Defendant.                )
```

**ATTORNEYS:**

**John Pickering-George**
Bronx, N.Y.
　　*Pro se*

**Catherine M. Dowdye a/k/a Catherine M. Daley**
　　*Pro se*

**Ronald W. Sharpe, United States Attorney**
**Jason T. Cohen, AUSA**
United States Attorney's Office
St. Thomas, VI
　　*For the defendants Immigration Litigation, Attorney*
　　*General, Deputy Asst. and Depository Libraries, National*
　　*Archives and Record Administration, Federal Adoption,*
　　*Territorial*

**Vincent F. Frazer, Attorney General**
**Aquannette Y. Chinnery, AAG**
Virgin Islands Department of Justice
St. Thomas, VI
　　*For the Office of Vital Statistics, Virgin Islands*
　　*Department of Health*

**ORDER**

**GÓMEZ, J.**

Before the Court is the motion of the *pro se* plaintiff, John Pickering-George, to vacate the Court's December 6, 2012, order dismissing this case for want of jurisdiction.

### I.     PROCEDURAL HISTORY

The plaintiff, John Pickering-George ("Pickering-George") initiated this action on July 16, 2010. The precise nature of Pickering-George's claim is unclear. Pickering-George appears to seek a certificate of adoption from the Virgin Islands Office of Vital Statistics. Pickering-George named as defendants Catherine M. Dowdye, also known as Catherine M. Daley ("Daley"); "Immigration Litigation, Attorney General, Deputy Asst. [*sic*]" (the "Attorney General"); "Depository Libraries, National Archives and Record Administration, Federal Adoption, Territorial [*sic*]" ("NARA"); and "The Vital Statistics of U.S. Virgin Islands, Department of Health [*sic*]" ("Vital Statistics").

On September 17, 2012, the Court dismissed all of Pickering-George's claims against Daley, the Attorney General, and NARA for failure to effect timely service of process. The Court noted that the Attorney General was served more than a year after, and NARA and Daley more than two years after, the date of the filing of the complaint. Considering the factors

Case: 3:10-cv-00079-GVG-RM Document #: 111 Filed: 08/17/15 Page 3 of 7

Pickering-George v. Dwayer, et al.
Civil No. 2010-79
Order
Page 3

outlined in *Mathies v. Silver*, 450 F. App'x 219, 222 (3d Cir. 2011), the Court noted that Pickering-George's initial attempts at service were seriously deficient. Although Pickering-George obtained authorization to use the United States Marshal Service to effect service, he supplied them only with the names of the parties to be served, not their addresses. The Attorney General, NARA, and Daley also faced substantial prejudice as a result of this delay, as they were apprised of the action only three months before trial. Lastly, the Court noted that Pickering-George never requested an extension of the time in which to serve these defendants.

On December 6, 2012, the Court dismissed the remainder of Pickering-George's claims for want of subject matter jurisdiction. Specifically, the Court noted that Pickering-George did not appear to assert a claim arising under federal law. There was also no diversity of citizenship, as the only remaining defendant--Vital Statistics--is an agency of the Virgin Islands Government, and thus not a citizen of another state. *See State Highway Comm'n v. Utah Constr. Co.*, 278 U.S. 194, 199–200 (1929).

Following the dismissal of this case, Pickering-George submitted numerous motions and other filings to this Court, most of which seemed to seek reconsideration of the December 6, 2012, order. The Court denied those motions on July 1, 2013, and

ordered Pickering-George to show cause why the Court should not issue a filing injunction against him in this case by no later than July 12, 2013. Pickering-George did not respond to the Courts July 12, 2013, order to show cause.

Pickering-George filed an appeal of the Court's orders of dismissal in the United States Court of Appeals for the Third Circuit. On July 1, 2014, the Third Circuit affirmed this Court's orders.

On January 9, 2015, Pickering-George filed a motion to vacate pursuant to Federal Rule of Civil Procedure 60. In his motion, Pickering-George seeks vacatur of this Court's December 6, 2012, order. Pickering-George also asks that this matter be transferred to the United States Court of Appeals for the Federal Circuit. In support of his motion to vacate, Pickering-George appears to argue that he was actively prosecuting his case in this Court, that any failures resulted from mistake, inadvertence, or excusable neglect, and that there is newly discovered, though unspecified, evidence.

Federal Rule of Civil Procedure 60 ("Rule 60") permits courts to relieve a party from a final judgment, order, or proceeding for, *inter alia*, the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule

Case: 3:10-cv-00079-GVG-RM    Document #: 111    Filed: 08/17/15    Page 5 of 7

*Pickering-George v. Dowaye, et al.*
Civil No. 2010-79
Order
Page 5

59(b); and (6) any other reason that justifies relief. *See* Fed. R. Civ. P. 60(b). A motion filed pursuant to Rule 60 must be filed "within a reasonable time – and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c).

The Court's Order was entered on December 6, 2012. Pickering-George's motions for reconsideration were all denied on July 1, 2013. Pickering-George's motion to vacate was not filed until January 9, 2015. To the extent that Pickering-George relies on Rule 60(b)(1) or (b)(2), his motion is certainly untimely and must be denied. Fed. R. Civ. P. 60(c); *Curran v. Howmedica Osteonics*, 425 F. App'x 164, 166 (3d Cir. 2011)("The one-year limitation serves as an outer bound . . . .")

Though a Rule 60 motion arguing that there are other reasons justifying relief is not subject to the one-year limitation of Rule 60 subsections 1, 2, or 3, it still must be filed "within a reasonable time[.]" Fed. R. Civ. P. 60(c). The Third Circuit has previously found that a Rule 60(b)(6) motion brought nearly two years after the initial judgment was "not made within a reasonable time." *Moolenaar v. Gov't of Virgin Islands*, 822 F.2d 1342, 1348 (3d Cir. 1987). Here, the motion came more than two years after the initial judgment. Pickering-George has not offered any explanation for such delay. Considering the record in this case, the Court finds that this

motion has not been made within the "reasonable time" required for timeliness under Rule 60.[1]

The Court writes further to note that, in factually similar cases, the Court of Appeals for the Third Circuit has affirmed a district court's order setting forth an injunction against further filings. *See, e.g.*, *Thompson v. Eva's Vill. & Sheltering Program*, 377 Fed. App'x 141, 143 (3d Cir. 2010) (affirming district court order which stated that, " '[I]n light of his frequent and inappropriate filings and because this case is closed, Mr. Thompson may not file, and the Clerk of the Court shall not accept, any action, motion, or pleading dealing with the issues resolved in this case without leave of the District Court.' "). A filing injunction against a vexatious litigant "should not be imposed by a court without prior notice and some occasion to respond." *Gagliardi v. McWilliams*, 834 F.2d 81, 83 (3d Cir. 1987). Such opportunity was given to Pickering-George, and he declined to show cause why an injunction should not issue.

Since this action was dismissed for want of subject-matter jurisdiction, Pickering-George submitted no less than five motions which appear to seek reconsideration, as well as a motion to stay the "enforcement" of this dismissal. The Court

---

[1] As the Court finds that vacatur of the order of dismissal is not warranted, there is no case to transfer to any other court. Thus, Pickering-George's request for transfer to the Federal Circuit will be summarily denied.

has found no merit in any of these duplicative and unnecessary filings.

Despite being informed that the Court found no merit to these petitions and that such filings were duplicative and vexatious, Pickering-George thereafter filed a motion to vacate, essentially making the same arguments previously addressed.

The premises considered, it is hereby

**ORDERED** that the motion to vacate pursuant to Rule 60 and to transfer this matter to the Federal Circuit is **DENIED**; it is further

**ORDERED** that Pickering-George may not file, and the Clerk of Court shall not accept, any motion, notice, objection, or pleading in this case without leave of the District Court.

S\_____
**Curtis V. Gómez**
**District Judge**